## IN THE UNITED STATES
## COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Spectra Premium Mobility Solutions USA, LLC; MPI Engineered Technologies LLC; GHP Group, Inc.; CWS Company; Morgantown Machines & Hydraulics of WV, Inc.; Pharmachem Laboratories LLC; Tiefenbach North America LLC; Spectra Premium Mobility Solutions Canada Ltd.; Timeless Designs Import, LLC; Rams Premier Import LLC; Nhuan Phat New Material Co., Ltd.; Hong Hai Floors Company Limited; JC Fusion Group Company Limited; Welspun USA, Inc.; Alexandria International Inc.; Virginia Tile Company, LLC; Walker Zanger, LLC Gadre USA Inc.; Fulham Co., Inc.; United Source Packaging, LLC; Trayton America, Inc.; Hunter Chemical, LLC; Art Guild, Inc., JSC Litnaglis; and Nualight Limited,<br><br>            Plaintiffs,<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>            Defendants. | Court No. 26-00409 |

## COMPLAINT

1.      Spectra Premium Mobility Solutions USA, LLC; MPI Engineered Technologies LLC; GHP Group, Inc.; CWS Company; Morgantown Machines & Hydraulics of WV, Inc.; Pharmachem Laboratories LLC; Tiefenbach North America LLC; Spectra Premium Mobility Solutions Canada Ltd.; Timeless Designs Import, LLC; Rams Premier  Import LLC; Nhuan Phat New Material Co., Ltd.; Hong Hai Floors Company Limited; JC Fusion Group Company Limited;

Welspun USA, Inc.; Alexandria International Inc.; Virginia Tile Company, LLC; Walker Zanger, LLC; Gadre USA Inc.; Fulham Co., Inc.; United Source Packaging, LLC; Trayton America, Inc.; Hunter Chemical, LLC; Art Guild, Inc., JSC Litnaglis; and Nualight Limited (collectively "Plaintiffs") are importers of record of merchandise subject to the challenged duties.

2.    Beginning in February of this year, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose new and substantial tariffs ("IEEPA duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imports. Plaintiffs is responsible for paying these tariffs on its imported goods.

3.    Plaintiffs are the importers of record of merchandise subject to the IEEPA duties and paid the IEEPA duties on their imported goods.

4.    IEEPA does not authorize these tariffs. This Court and the U.S. Court of Appeals for the Federal Circuit have already so held. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir.), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025).

5.    Through this action, Plaintiffs ask the Court to hold that, with respect to goods imported by Plaintiffs, the IEEPA duties collected by Defendants, and the underlying executive orders that directed them are unlawful, as this Court and the Federal Circuit held in *V.O.S. Selections*.

6.    The Supreme Court heard oral argument in *V.O.S. Selections* and a companion case arising out of the U.S. District Court for the District of Columbia[1] on November 5, 2025, and is expected to rule in the near future.

---

[1] *Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025).

7. This separate action is necessary because even if the IEEPA duties and underlying executive orders are held unlawful by the Supreme Court, importers, including Plaintiffs, that have paid IEEPA duties may not be guaranteed a refund for those unlawfully collected tariffs in the absence of their own judgment from this Court.

8. This action is necessary at this time because it is uncertain whether Defendants will issue refunds on liquidated entries even if the Supreme Court affirms the holding of the Federal Circuit in *V.O.S. Selections*. Plaintiffs seek relief from the impending liquidations to ensure that their right to a complete refund is not jeopardized.

9. Accordingly, Plaintiffs seek (i) a declaration that the IEEPA duties are unlawful; and (ii) a full refund, with interest as required by law, from Defendants of all IEEPA duties Plaintiffs have already paid to the United States as well as those they will continue to pay.

## PARTIES

10. Plaintiffs are importers of record of various merchandise on which IEEPA duties have been paid.

11. Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects duties on imports. CBP collected payments made by Plaintiffs of the IEEPA duties.

12. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

13. Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

14. Defendants are referred to collectively in this complaint as "CBP".

180935807.2

-3-

## JURISDICTION AND STANDING

15.    The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i). *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312, 1334 (Fed. Cir. 2025), *cert.* granted, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025). The Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

16.    Plaintiffs have standing to bring this lawsuit because they are "adversely affected or aggrieved" by agency action within the meaning of the APA as the importers of record for merchandise imported from countries subject to the unlawful IEEPA duties implemented and collected by CBP. 5 U.S.C. § 702; 28 U.S.C. § 2631(i). As a result of the executive orders challenged by this lawsuit, Plaintiffs have paid IEEPA duties to the United States and thus have suffered injury caused by those orders.

17.    Declaratory and injunctive relief from this Court would redress those injuries. Plaintiffs also face imminent and irreparable harm due to uncertainty as to whether Defendants will issue refunds of the IEEPA duties as to the liquidated entries.

18.    A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On February 1, 2025, President Trump issued Executive Orders that resulted in the collection of IEEPA duties. These Orders were published in the Federal Register shortly thereafter. The instant action is filed within two years of the date that these Orders were issued and published, and also within two years in which Plaintiffs first paid these IEEPA duties.

**GENERAL PLEADINGS**

I.    **The IEEPA Tariff Orders**

19.    On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.[2] Each executive order was premised on IEEPA authorizing the tariffs, and for each set of tariffs President Trump claimed that they were justified under IEEPA because of a purported national emergency. Collectively, these are referred to in this complaint as the "Trafficking Tariff Orders." Pursuant to these Orders, CBP assessed additional IEEPA duties upon Plaintiffs' entries.

20.    President Trump subsequently modified the China Trafficking Tariff Order.[3]

21.    On April 2, 2025, citing trade deficits with our trading partners as its own national emergency, President Trump issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*.[4] The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports to the United States, effective

---

[2] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, I*mposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[3] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[4] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id*. at Annex I. These higher country-specific tariffs range from 11% to 50%. *Id*.

22.    President Trump subsequently modified the Reciprocal Tariff Order.[5]

23.    In implementing the Executive-Order-based tariff regime, the Defendant directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the IEEPA Tariff Orders be entered under new tariff codes.

24.    On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). As discussed below, this Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed.

25.    In the months since the *V.O.S. Selections* complaint was filed, President Trump, invoking IEEPA, has issued additional executive orders imposing additional tariffs and modifying others. As explained below, IEEPA does not authorize the President to impose tariffs.  By this complaint, Plaintiff challenges only those orders the Federal Circuit has already held to be unlawful ("IEEPA Tariff Orders").

## II.    CBP's Implementation of the IEEPA Tariff Orders

26.    CBP is charged with the assessment and collection of duties.  *See* 19 U.S.C. §§ 1500, 1502.

27.    When goods enter the United States, CBPI is responsible for assessing and collecting any tariffs, including the IEEPA duties, on the imported goods based upon the tariff

---

[5] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China,* 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025), 90 Fed. Reg. 15,625 (Apr. 15, 2025).

classification of the goods, according to the rates established in the Harmonized Tariff Schedule of the United States ("HTSUS"). 19 U.S.C. § 1202, 1500, 1502.

28.    Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

29.    Once liquidation has occurred, and if the liquidation is protestable, the importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decisions encompassed therein. 19 U.S.C § 1514(a).

30.    This Court and the Federal Circuit have cautioned that an importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a tariff is later found to be unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d at 1365-66; *Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025).

31.    This Court possesses the equitable authority to suspend liquidation. *See, e.g., In re Section 301 Cases*, 524 F. Supp. 3d at 1365-66.

### III.    Three Courts Have Held IEEPA Does Not Authorize Assessment of Duties.

32.    The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 *et seq*., the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

33.    None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect the IEEPA duties.

34.    On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections*, holding that IEEPA did not authorize assessment of IEEPA

Duties. This Court permanently enjoined the government from enforcing the IEEPA Duties at issue in that case.

35.     Upon appeal, the Federal Circuit stayed this Court's decision.

36.     Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA Duties are unlawful. *See V.O.S. Selections.*

37.     In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Resources*. That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources.*

38.     The cases were consolidated, with argument before the Supreme Court on November 5, 2025.

**IV.     Plaintiffs Paid Preliminary IEEPA Duties**

39.     Plaintiffs' imports subject to IEEPA duties entered the United States under new HTSUS codes.

40.     As of the date of this Complaint, Plaintiffs have paid IEEPA duties imposed by the IEEPA Tariff Orders.

**STATEMENT OF CLAIMS**

**COUNT I**
**THE IEEPA TARIFF ORDERS ARE ULTRA VIRES UNDER *V.O.S. SELECTIONS***

41.     Plaintiffs incorporate paragraphs 1-40 above by reference.

42.     The Court of International Trade in *V.O.S. Selections* held that the President exceeded his authority under IEEPA when he imposed tariffs on imported goods.

43.     As the *V.O.S. Selections* Court held: (a) IEEPA authorizes the President only to "investigate, regulate, or prohibit" importation; (b) IEEPA does not authorize the imposition of tariffs on imports; and (c) neither the text of IEEPA nor its legislative history contains any clear delegation to the President to set tariff rates.

44.     The Federal Circuit affirmed that interpretation, holding that Congress did not clearly delegate to the President the authority to impose tariffs under IEEPA and that reading IEEPA to permit such authority would raise grave constitutional concerns, including under the major questions and non-delegation doctrines.

45.     The executive orders challenged in this Complaint are materially identical in structure, authority claimed, and effect to those struck down in *V.O.S. Selections*. They purport to impose duties and modify the Harmonized Tariff Schedule of the United States solely under IEEPA. For the same reasons set forth in *V.O.S. Selections,* the IEEPA Tariff Orders exceed the President's statutory authority and are therefore unlawful, void *ab initio,* and without effect as applied to Plaintiffs.

46.     Plaintiffs respectfully request that this Court apply the binding decision of the Federal Circuit, declare the IEEPA Tariff Orders unlawful as to Plaintiffs, enjoin Defendants from enforcing them as to Plaintiffs, and order refunds of all IEEPA duties collected from Plaintiffs, with interest as provided by law.

**COUNT II**
**ALTERNATIVE – THE IEEPA TARIFF ORDERS ARE UNLAWFUL UNDER THE REASONING OF THE DISTRICT COURT IN *LEARNING RESOURCES***

47.     Plaintiffs incorporate paragraphs 1-46 above by reference.

48.     In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the IEEPA Tariff Orders must nevertheless be held unlawful because such a reading would convert IEEPA into an impermissible delegation of legislative power.

49.     The District Court in *Learning Resources* held that interpreting IEEPA to permit the President to impose broad import tariffs would violate Article I, § 1 and § 8 of the U.S. Constitution, which vest in Congress the power to "lay and collect … Duties". The court further reasoned that under the major questions doctrine, Congress must speak clearly when assigning to the Executive branch decisions of vast economic and political significance—such as the power to impose sweeping tariffs that affect international trade—and IEEPA contains no such clear statement.

50.     Accordingly, even assuming IEEPA could be construed to permit the Tariff Orders, that delegation would lack an intelligible principle and would therefore be unconstitutional. On that basis, the IEEPA Tariff Orders are unlawful.

51.     Plaintiffs therefore seeks a declaration that the IEEPA Tariff Orders are unlawful under the reasoning of *Learning Resources* as to Plaintiffs, enjoining Defendants from enforcing them as to Plaintiffs, and ordering refunds of all IEEPA duties collected from Plaintiffs, with interest as provided by law.

## COUNT III
### (DECLARATORY RELIEF, 28 U.S.C. § 2201)

52.     Plaintiffs incorporate paragraphs 1-51 above by reference.

53.     Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

54.     Plaintiffs' claims present an actual controversy as to the President's authority under IEEPA, the constitutionality of IEEPA, and the authority of CBP to implement and collect the resulting tariffs.

55. Plaintiffs are importers of record and have suffered injury by having been required to pay IEEPA duties as a result of the IEEPA Tariff Orders on goods they have imported into the United States.

56. This Court can exercise its equitable power to enter a declaratory judgment that the IEEPA Tariff Orders are unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiffs.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

a) declare that the President lacks authority under IEEPA to set tariffs;

b) declare that the IEEPA Tariff Orders are *ultra vires* and void *ab initio* with respect to Plaintiffs;

c) declare that, with respect to Plaintiffs, CBP lacks authority to implement and collect any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

d) with respect to Plaintiffs, enjoin Defendants from imposing and enforcing any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

e) order the United States to refund to Plaintiffs the IEEPA duties collected on those entries, with interest as provided by law; and

f) award Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action; and

g) grant such further relief as this Court deems proper.

Respectfully submitted,

/s/ *Brittney R. Powell*
Lizbeth R. Levinson
Brittney R. Powell
FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC 20006
Email: bpowell@foxrthschild.com

*Counsel for Plaintiffs*

Dated: January 8, 2026

180935807.2

## IN THE UNITED STATES
## COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Spectra Premium Mobility Solutions USA, LLC; MPI Engineered Technologies LLC; GHP Group, Inc.; CWS Company; Morgantown Machines & Hydraulics of WV, Inc.; Pharmachem Laboratories LLC; Tiefenbach North America LLC; Spectra Premium Mobility Solutions Canada Ltd.; Timeless Designs Import, LLC; Rams Premier  Import LLC; Nhuan Phat New Material Co., Ltd.; Hong Hai Floors Company Limited; JC Fusion Group Company Limited; Welspun USA, Inc.; Alexandria International Inc.; Virginia Tile Company, LLC; Walker Zanger, LLC; Gadre USA Inc.; Fulham Co., Inc.; United Source Packaging, LLC; Trayton America, Inc.; Hunter Chemical, LLC; Art Guild, Inc., JSC Litnaglis; Nualight Limited,<br><br>        Plaintiffs,<br><br>   v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA<br><br>        Defendants. | Court No. 26-00409 |

## CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rules 4(b) and 4(h), I hereby certify that   on January 8, 2026, copies of Plaintiff's Summons, Form 5, Forms 11, Forms 13, and Complaint were served upon the following parties by certified mail, return receipt requested:

180936640.1                                    -1-

Attorney-In-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Washington, DC 20229

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Rodney S. Scott
The Commissioner of U.S. Customs and Border
Protection (CBP)
U.S. Customs and Border Protection,
Revenue Division,
Attn: Freeze Program/ DTOPS
8899 E 56th Street,
Indianapolis, IN 46269

Respectfully submitted,

*/s/ Brittney R. Powell*

Lizbeth R. Levinson
Brittney R. Powell
FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC 20006
Email: bpowell@foxrthschild.com

*Counsel for Plaintiffs*